# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

FEDERAL-MOGUL MOTORPARTS
CORPORATION,

                Plaintiff,

v.

MEVOTECH L.P.,

                Defendant.

Case No. 2:15-cv-13205-GCS-APP

Judge George Caram Steeh

Magistrate Judge Anthony P. Patti

## DEFENDANT MEVOTECH'S MOTION CHALLENGING CONFIDENTIALITY DESIGNATION OF EXHIBIT 1 TO FEDERAL-MOGUL'S MOTION FOR PRELIMINARY INJUNCTION AND REQUESTING A COMMENSURATE EXTENSION OF TIME TO <u>RESPOND TO THAT MOTION</u>

PLEASE TAKE NOTICE that, by its counsel listed below, Defendant Mevotech L.P. moves this Court for an order redesignating Exhibit 1 of Plaintiff Federal-Mogul's Motion for Preliminary Injunction to "Confidential" rather than "Outside Attorneys' Eyes Only." In light of the improper confidentiality designation of Exhibit 1, Mevotech also moves this Court for an extension of time to file a response to Federal-Mogul's Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 6(b). This motion is based on the supporting brief, the declaration of Adam M. Greenfield, oral argument of counsel, and such other material as the Court may consider.

The Court should grant this motion because Federal-Mogul designated Exhibit 1—which discusses the testing that forms the foundation of nearly all of Federal-Mogul's claims—as "Outside Attorneys' Eyes Only" without any explanation or justification whatsoever, much less the showing of good cause required by law. This designation has effectively barred counsel for Mevotech from discussing with Mevotech the factual underpinnings of Federal-Mogul's claims, thereby unfairly prejudicing Mevotech's ability to rebut them. Accordingly, Exhibit 1 should be redesignated as "Confidential," and Mevotech should be granted an extension of time to respond to the corresponding Motion for Preliminary Injunction.

As required by Local Rule 7.1(a), counsel for Mevotech sought concurrence from counsel for Federal-Mogul on November 13 and November 17, 2015, and have continued to confer via telephone and e-mail regarding the relief sought in the present motion. Counsel for Mevotech explained the nature of this motion and its legal basis to Federal-Mogul, but the parties have not been able to reach agreement, so the instant Motion is necessary.

Therefore, Defendant Mevotech L.P. respectfully requests that the Court issue an order GRANTING this motion, redesignating Exhibit 1 as "Confidential," extending the time for Mevotech to respond to the Motion for Preliminary Injunction until 21 days after Federal-Mogul files under seal an un-redacted

version of Exhibit 1 designated as "Confidential" that counsel for Mevotech may

share with Mevotech, and awarding Defendant Mevotech L.P. such other and

further relief as the Court deems just.

Dated:  November 23, 2015                Respectfully submitted,

                                         /s/ Matthew J. Moore
                                         Matthew J. Moore (DC Bar No. 453773)
                                         matthew.moore@lw.com
                                         LATHAM & WATKINS LLP
                                         555 11th Street, NW, Suite 1000
                                         Washington, DC  20004-1304
                                         T: (202) 637-2200; F: (202) 637-2201

                                         *Attorney for Defendant Mevotech L.P.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send a Notice of Electronic Filing to all registered counsel of record.

*/s/ Matthew J. Moore*
Matthew J. Moore (DC Bar No. 453773)
matthew.moore@lw.com
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
T: (202) 637-2200; F: (202) 637-2201

*Attorney for Defendant Mevotech L.P.*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FEDERAL-MOGUL MOTORPARTS
CORPORATION,

          Case No. 2:15-cv-13205-GCS-APP

    Plaintiff,

          Judge George Caram Steeh

v.

          Magistrate Judge Anthony P. Patti

MEVOTECH L.P.,

    Defendant.


**BRIEF IN SUPPORT OF DEFENDANT MEVOTECH'S MOTION
CHALLENGING CONFIDENTIALITY DESIGNATION OF EXHIBIT 1 TO
FEDERAL-MOGUL'S MOTION FOR PRELIMINARY INJUNCTION AND
REQUESTING A COMMENSURATE EXTENSION OF TIME TO
<u>RESPOND TO THAT MOTION</u>**

## TABLE OF CONTENTS

STATEMENT OF ISSUES .......................................................................... ii

STATEMENT OF MOST APPROPRIATE AUTHORITIES ................................ iii

I.     Background ..................................................................................3

II.    Argument ......................................................................................5

       A.     Federal-Mogul Has Not Shown Good Cause Sufficient to
              Support an "Attorneys' Eyes Only" Designation for Exhibit 1 ...........6

       B.     The Response Deadline for Federal-Mogul's Motion for
              Preliminary Injunction Should Be Tolled Until Federal-Mogul
              Redesignates Exhibit 1 ........................................................8

III.   Conclusion ...................................................................................9

## STATEMENT OF ISSUES

1) Whether the Court should redesignate Exhibit 1 to Federal-Mogul's Motion for Preliminary Injunction—which discusses the testing that Federal-Mogul relies on to allege that Mevotech's statements were false—from "Outside Attorneys' Eyes Only" to "Confidential" because (1) there is no good cause for such an extraordinary confidentiality designation, and (2) Mevotech should be entitled to review the testing Federal-Mogul relies on to call Mevotech a liar.

2) Whether the Court should grant an extension of time for Mevotech to respond to Federal-Mogul's Motion for Preliminary Injunction where Mevotech is unable to review and analyze Exhibit 1 to adequately respond to the Motion due to Federal-Mogul's unjustified designation of Exhibit 1 as "Outside Attorneys' Eyes Only."

## STATEMENT OF MOST APPROPRIATE AUTHORITIES

**Cases:**

*Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-CV-548, 2009 WL 311125,
    (W.D. Mich. Feb. 9, 2009)

*MSC Software Corp. v. Altair Eng'g, Inc.*, No. 07-12807, 2012 U.S. Dist. LEXIS
    69107 (E.D. Mich. May 17, 2012)

**Rules:**

Fed. R. Civ. P. 6(b)(1)

Defendant Mevotech L.P. respectfully moves the Court for an Order changing the designation of Exhibit 1 to Plaintiff Federal-Mogul's Motion for Preliminary Injunction from "Outside Attorneys' Eyes Only" to "Confidential."[1] Mevotech also respectfully moves the Court for an extension of time to respond to the Motion for Preliminary Injunction equivalent to the time required for Federal-Mogul ("FM") to cure this defect.

FM claims that Mevotech is harming its goodwill based on a twelve-page PowerPoint presentation that has been shared with a very small number of customers. FM contends that at least three of the statements in that PowerPoint presentation were false. FM is wrong.

Mevotech stands by all of its statements. They are simple physics. FM is mistakenly blaming Mevotech for FM's problems in the market. But FM's problems were not caused by Mevotech's twelve-page PowerPoint presentation shared with a small number of customers in July 2015. FM's problems have been caused by a series of very poorly received moves in the market and the launch of an inferior product, as shown by FM's stock price steadily falling more than 60% over the past sixteen months.[2]

---

[1] *See* Dkt. No. 24 Ex. 1.

[2] Federal-Mogul Holdings Corporation, the parent of Federal-Mogul Motorparts Corporation, traded at over $20 per share in July 2014. The share price had already dropped to about $10 per share at the time of Mevotech's presentation in

Now, despite calling Mevotech a liar, FM amazingly will not let Mevotech see the testing FM relies upon to support this allegation.  FM has designated the relevant exhibit as "Outside Attorneys' Eyes Only."  FM has failed to provide any basis for this extraordinarily high designation.  Counsel for Mevotech has reached out to FM multiple times to ask FM to reduce the designation on this testing to "Confidential" so that it can share the information with its client.  But, while de-designating a little more of the declaration each time, FM still refuses to de-designate important information that Mevotech's counsel needs to share with its client,[3] all while the time for Mevotech's response to FM's motion is ticking.

Accordingly, Mevotech respectfully requests that the Court (1) reduce the designation of Exhibit 1 to FM's Motion for Preliminary Injunction from "Outside Attorneys' Eyes Only" to "Confidential," and (2) extend Mevotech's time to respond to FM's motion to restart the allotted time from the date of the reduced designation.

---

July 2015.  The stock has continued its decline steadily since, currently trading at less than $8 per share.  *See* Decl. of Adam M. Greenfield in Support of Mevotech's Motion Challenging Confidentiality Determination of Exhibit 1 to Federal-Mogul's Motion for Preliminary Injunction and Requesting a Commensurate Extension of Time to Respond to that Motion (Greenfield Decl.) ¶ 6; Ex. D. at 1.

[3] *See* Greenfield Decl. ¶¶ 3, 5; Ex. A at  3; Ex. C ¶ 19, 49; Ex. C at Ex. 2; Ex. C at Ex. 3.

# I.    BACKGROUND

On September 10, 2015, two Federal-Mogul entities filed this lawsuit against Mevotech L.P. ("Mevotech").[4]   On November 3, 2015, Federal-Mogul Motorparts Corporation ("FM"), the only remaining plaintiff, filed its First Amended Complaint to cure deficiencies that Mevotech identified in the Original Complaint.[5]   The First Amended Complaint contains multiple causes of action, including patent infringement claims and non-patent claims related to Mevotech's alleged representations that Mevotech products are better than FM products.[6] FM's non-patent claims include a Lanham Act false advertising claim under 15 U.S.C. § 1125(a) (Count II), along with Michigan tort claims for product disparagement (Count III), unfair competition (Count IV), and tortious interference with a business relationship (Count V).[7]

FM filed its Motion for Preliminary Injunction on November 12, 2015, seeking both to enjoin Mevotech from making allegedly "false and disparaging statements" regarding FM and to require Mevotech to retract any prior such

---

[4] Dkt. No. 1.

[5] Dkt. No. 21.

[6] *Id.* at ¶¶ 81–125.

[7] *Id.* at ¶¶ 96–125.

3

statements.[8]   FM attached to its motion as Exhibit 1 a declaration of Thomas Byrnes, the Manager of Product Development Testing at FM.[9]

The Byrnes Declaration discusses the methodology and results of tests performed by FM comparing Mevotech's ball joint products to FM's ball joint products.[10]   Cited more than twenty times in the brief accompanying the Motion for Preliminary Injunction, the Byrnes Declaration is at the heart of FM's false advertising and other non-patent claims.[11]   FM designated Exhibit 1 as "Outside Attorneys' Eyes Only" and, despite Mevotech's objection, has not provided any explanation or justification for this extraordinarily high designation.

Blocked from discussing with Mevotech the testing at the core of FM's claims, counsel for Mevotech immediately requested a version of Exhibit 1 that could be shared with its client.[12]   Several days and several requests later, FM's counsel responded with a heavily redacted version of Exhibit 1.[13]   Counsel for Mevotech reiterated its concerns via both e-mail and teleconference, and FM

---

[8] Dkt. No. 24 ¶¶ 1–2.

[9] Dkt. No. 24 Ex. 1 (Byrnes Decl.).

[10] *Id.* at ¶¶ 24–63.

[11] *See* Dkt. No. 24 at 2–8, 13.

[12] Greenfield Decl. ¶ 4; Ex. B at 2.

[13] Greenfield Decl. ¶¶ 3–4; Ex. A at 4; Ex. B at 1.

eventually provided a version with fewer redactions several days later.[14] This second attempt at redaction, however, still withholds substantial and material facts underpinning FM's non-patent claims, including the characteristics that FM considers and evaluates when designing ball joints;[15] the purported design improvements in FM's ball joints that allow for the use of a smaller split upper bearing;[16] a specification explaining FM's "stud swing" testing protocol;[17] and a specification describing and depicting the use of a five-axis tester,[18] the same machine FM allegedly used to test Mevotech's products.[19]

## II.   ARGUMENT

Mevotech should be entitled to review the testing that FM is relying on to call Mevotech a liar.

---

[14] Greenfield Decl. ¶ 3; Ex. A at 1–3.

[15] Byrnes Decl. at ¶ 19.

[16] *Id.* at ¶ 49.

[17] *Id.* at Ex. 3.

[18] Notwithstanding Federal-Mogul's designation of "Outside Attorneys' Eyes Only," photographs of five-axis testers are freely available to the public. *See, e.g.*, MTS GROUND VEHICLE TESTING, https://www.mts.com/en/forceandmotion/groundvehicletesting/MTS_003446?article=3 (last visited Nov. 20, 2015).

[19] Byrnes Decl. at Ex. 2; *see also* Byrnes Decl. ¶¶ 38–42.

An "attorneys' eyes only" designation is an extraordinary protection that requires a particularized showing of good cause.[20]   Once a designation has been challenged, it is the burden of the designating party to justify the designation with "specific facts, not mere conclusory allegations of confidentiality and/or business harm."[21]   A showing of good cause is required because "the indiscriminate use of 'attorney's eyes only' protective orders … pose[s] a significant handicap on the restricted litigant."[22]

FM has not demonstrated good cause; in fact, FM has provided no justification whatsoever for its designation for Exhibit 1 as "Outside Attorneys' Eyes Only."   Such over-designation unfairly prejudices Mevotech because it withholds the very facts at the core of FM's claims.   The Court should reduce this over-designation, and in doing so, extend the time available for Mevotech's response to the pending Motion for Preliminary Injunction.

### A.   Federal-Mogul Has Not Shown Good Cause Sufficient to Support an "Attorneys' Eyes Only" Designation for Exhibit 1

FM has not offered any justification whatsoever for its designation of Exhibit 1 as "Outside Attorneys' Eyes Only," much less a showing of good cause.

---

[20] *See MSC Software Corp. v. Altair Eng'g, Inc.*, No. 07-12807, 2012 U.S. Dist. LEXIS 69107, at *12-13 (E.D. Mich. May 17, 2012).

[21] *Id.*

[22] *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-CV-548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009).

In response to multiple requests by Mevotech counsel for a version of Exhibit 1 suitable for discussion with Mevotech, FM has provided heavily redacted versions that withhold substantial and material facts underpinning FM's non-patent claims, including characteristics that FM considers when designing its purportedly superior products, along with the specific testing machinery and protocols that FM uses to evaluate its own and Mevotech's products.[23]  In essence, FM alleges that Mevotech made false statements while concealing precisely *why* FM believes that the statements were false.

Under the current designation of "Outside Attorneys' Eyes Only," counsel for Mevotech cannot discuss with Mevotech the details of the testing performed by FM.   In this way, FM's unjustified "attorneys' eyes only" designation unfairly handicaps Mevotech's ability to rebut FM's claims, in line with the concerns expressed by the district court in the quote above.[24]   A designation as "Confidential" would still adequately protect the information in Exhibit 1 from disclosure outside this litigation while providing Mevotech with a full and fair opportunity to rebut FM's claims.[25]

---

[23] Greenfield Decl. ¶¶ 3–4; Ex. A at 1–4; Ex. B at 1.

[24] *See Arvco*, 2009 WL 311125, at *6.

[25] *See MSC Software*, 2012 U.S. Dist. LEXIS 69107 (redesignating a report from "attorneys' eyes only" to "confidential" upon party's objection).

**B.    The Response Deadline for Federal-Mogul's Motion for Preliminary Injunction Should Be Tolled Until Federal-Mogul Redesignates Exhibit 1**

Counsel for Mevotech has diligently pursued a version of Exhibit 1 suitable for sharing so that Mevotech may timely respond to FM's Motion for Preliminary Injunction.[26]  While meeting and conferring, FM has repeatedly refused to lower the heightened designation on material information.[27]  All the while, the clock has continued to march towards December 7, 2015, Mevotech's deadline to respond to FM's Motion for Preliminary Injunction.  The delay—ten days as of this filing—exacerbates the unfair prejudice introduced by FM's decision to designate Exhibit 1 as "attorneys' eyes only."

FM's unjustified designation of Exhibit 1 and subsequent acts, therefore, should constitute good cause sufficient to satisfy Fed. R. Civ. P. 6(b)(1) and allow the Court to grant an extension of the response period for FM's Motion for Preliminary Injunction.  In order to provide Mevotech with a full and fair opportunity to respond to FM's allegations, the deadline for Mevotech to respond to FM's Motion for Preliminary Injunction should be extended until 21 days after FM files under seal an un-redacted version of Exhibit 1 designated as "Confidential" that counsel for Mevotech may share with Mevotech.

---

[26] *See* Greenfield Decl. ¶¶ 3–4; Ex. A *passim*; Ex. B at 1–2.

[27] *See* Greenfield Decl. ¶¶ 3, 5; Ex. A at 1, 4–5; Ex. C ¶¶ 19, 49; Ex. C at Ex. 2; Ex. C at Ex. 3.

8

## III.    CONCLUSION

For the foregoing reasons, Mevotech respectfully requests that the Court redesignate Exhibit 1 from FM's Motion for Preliminary Injunction as "Confidential," and extend the time for Mevotech to respond to the Motion for Preliminary Injunction until 21 days after FM files under seal an un-redacted version of Exhibit 1 designated as "Confidential" that counsel for Mevotech may share with Mevotech.


Dated:  November 23, 2015                Respectfully submitted,

                                         */s/ Matthew J. Moore*
                                         Matthew J. Moore (DC Bar No. 453773)
                                         matthew.moore@lw.com
                                         LATHAM & WATKINS LLP
                                         555 11th Street, NW, Suite 1000
                                         Washington, DC  20004-1304
                                         T: (202) 637-2200; F: (202) 637-2201

                                         *Attorney for Defendant Mevotech L.P.*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send a Notice of Electronic Filing to all registered counsel of record.

*/s/ Matthew J. Moore*
Matthew J. Moore (DC Bar No. 453773)
matthew.moore@lw.com
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
T: (202) 637-2200; F: (202) 637-2201

*Attorney for Defendant Mevotech L.P.*

10

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL-MOGUL MOTORPARTS
CORPORATION,

                Plaintiff,

v.

MEVOTECH L.P.,

                Defendant.

Case No. 2:15-cv-13205-GCS-APP

Judge George Caram Steeh

Magistrate Judge Anthony P. Patti

**DECLARATION OF ADAM M. GREENFIELD IN SUPPORT OF
MEVOTECH'S MOTION CHALLENGING CONFIDENTIALITY
DESIGNATION OF EXHIBIT 1 TO FEDERAL-MOGUL'S MOTION FOR
PRELIMINARY INJUNCTION AND REQUESTING A COMMENSURATE
EXTENSION OF TIME TO RESPOND TO THAT MOTION**

I, Adam M. Greenfield, declare as follows:

      1.     I am an attorney at the law firm of Latham & Watkins LLP, counsel

for Defendant Mevotech, L.P. ("Mevotech") in this litigation.  I am admitted to

practice law in the United States District Court for the Eastern District of

Michigan, as well as admitted to practice law by the Bar of the District of

Columbia.

      2.     Unless otherwise stated, I have personal knowledge of the facts stated

herein and if called to testify, I could and would be able to testify to the statements

made herein.

3.     Attached hereto as Exhibit A is a true and correct copy of e-mail correspondence between counsel for Defendant Mevotech L.P. and counsel for Plaintiff Federal-Mogul Motorparts Corporation, dated from November 12, 2015 through November 19, 2015.

4.     Attached hereto as Exhibit B is a true and correct copy of e-mail correspondence between counsel for Defendant Mevotech L.P. and counsel for Plaintiff Federal-Mogul Motorparts Corporation, dated from November 12, 2015 through November 16, 2015.

5.     Attached hereto as Exhibit C is a true and correct copy of the revised redacted version of Exhibit 1 to Plaintiff Federal-Mogul Motorparts Corporation's Motion for Preliminary Injunction, provided to counsel for Defendant Mevotech L.P. on November 19, 2015.

6.     Attached hereto as Exhibit D is a true and correct copy of a stock price chart for Plaintiff's parent entity, Federal-Mogul Holdings Corporation, from July 3, 2014 to November 23, 2015.

I declare under penalty of perjury that to the best of my knowledge, information and belief, the foregoing statements are true and correct.

Executed this 23rd day of November 2015 at Washington, DC.

Adam M. Greenfield

2

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send a Notice of Electronic Filing to all registered counsel of record.

/s/ Matthew J. Moore

Matthew J. Moore (DC Bar No. 453773)
matthew.moore@lw.com
LATHAM & WATKINS LLP
555 11th Street, NW, Suite 1000
Washington, DC  20004-1304
T: (202) 637-2200; F: (202) 637-2201

*Attorney for Defendant Mevotech L.P.*

3