UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL-MOGUL MOTORPARTS
CORPORATION,

        Plaintiff,

CASE NO. 15-cv-13205

v.

HONORABLE GEORGE CARAM STEEH

MEVOTECH L.P.,

        Defendant.

_____/

OPINION AND ORDER GRANTING DEFENDANT'S MOTION
CHALLENGING CONFIDENTIALITY DESIGNATION OF EXHIBIT 1
TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DOC. #33)

Plaintiff Federal-Mogul Motorparts Corporation ("plaintiff" or "Federal-Mogul") filed this action against its competitor, defendant Mevotech L.P. ("defendant" or "Mevotech"), alleging that defendant has been engaged in a campaign of making false and disparaging comments about plaintiff's automotive aftermarket supplies MOOG® product line, including plaintiff's pre-installed integral dust boot ball joint product (the "dust boot"). The Second Amended Complaint (Doc. #37) alleges: Count I- False Advertising in violation of 15 U.S.C. §§ 1125, *et seq.*; Count II- Product Disparagement or Injurious Falsehood; Count III- Michigan Common Law Unfair Competition; and Count IV- Tortious Interference With Business Relationship.

Shortly after filing the complaint, plaintiff moved for a preliminary injunction (Doc. #24). The motion remains pending. In connection with the motion for preliminary injunction, plaintiff filed an ex parte motion to seal Exhibit 1 to the motion for preliminary injunction, which is the first declaration of Thomas Byrnes, plaintiff's Manager of Product

-1-

Development Testing (the "Byrnes Declaration") (Doc. #23). The court granted the motion to seal. (Doc. #28). The Byrnes Declaration was then designated by plaintiff as "Outside Attorneys' Eyes Only," and, presently, all but a limited portion of the Byrnes Declaration has the lower designation of "Confidential." Now before the court is defendant's motion challenging the confidentiality declaration of the Byrnes Declaration. Defendant seeks to redesignate the entirety of the Byrnes Declaration to "Confidential," in order to be able to discuss the declaration and its factual underpinnings, including the portion of the declaration currently designated as "Outside Attorneys' Eyes Only," with defendant's engineers. Plaintiff opposes the motion arguing that the limited portion still designated "Outside Attorneys' Eyes Only" deals with highly confidential and proprietary information that is not relevant to any of the testing implicated in this case. For the reasons that follow, defendant's motion will be granted and the entirety of the Byrnes Declaration shall be redesignated to "Confidential."

## I. BACKGROUND

The central factual claim underpinning plaintiff's allegations in the Second Amended Complaint is that defendant is using a PowerPoint presentation it created, containing false and disparaging comments about defendant's dust boot product, in discussions with customers in the industry. For example, plaintiff contends that "[t]he false representations that were made were numerous and included at least the following:"

> (1) Federal-Mogul's new ball joint product is not as robust or durable as Mevotech's own Supreme ball joint, (2) the smaller diameter pin used on the new Federal-Mogul integrated booth product results in a lower quality product that suffers from accelerated wear, (3) the smaller split upper bearing used in the design of the new integrated boot design results in accelerated wear, (4) the lower bearing on the new ball joint is too thin and as a result is susceptible to cracking under extreme or heavy loading conditions, (5) the

>   new integral boot of the new ball joint may pinch against the housing when used at extreme swing angles, (6) test results show the durability of the new Federal-Mogul ball joint product is in doubt, and (7) Mevotech's Supreme ball joint is more reliable than the standard MOOG® ball joint product.

(Pl's. Resp. at 2–3, Doc. #41 at 5–6).

To quell the statements made in defendant's PowerPoint presentation, Byrnes performed testing that he says shows defendant's statements are literally false. One category of testing conducted was "swing" testing. Through the swing testing, plaintiff contends that Byrnes has established that defendant's statement in the PowerPoint presentation that plaintiff's integral boot pinches against the housing at extreme swing angles is literally false. Attachment 3 to the Byrnes Declaration consists of, among other information, the testing standards that Byrnes used in the swing tests. This information has all been designated as "Confidential," and plaintiff has no issue with defendant sharing the information with its engineers.

However, plaintiff contends that a portion of Attachment 3 contains confidential testing standards that do not relate in any way to the swing tests performed by Byrnes. Indeed, a second declaration submitted by Byrnes contends that full disclosure of Attachment 3 "will cause substantial competitive harm to Federal-Mogul because it will provide Mevotech with information found only on our [Federal-Mogul] manufactured assembly prints and teaches them the manufacturing techniques developed over time and through experimentation." (Second Byrnes Declaration at ¶ 4). Thus, plaintiff seeks to keep only this limited portion of Attachment 3 as "Outside Attorneys' Eyes Only," meaning that defendant would not be able to share that portion of Attachment 3 with its engineers.

Defendant, however, contends that the entirety of Attachment 3 should be deemed "Confidential," so that Defendant can share the information with its engineers. Defendant says that the additional tests performed by defendant, not just the swing tests, may be relevant despite plaintiff's decision not to rely on the additional testing in support of its motion for preliminary injunction. In other words, defendant argues that there may be a reason plaintiff had some testing done but decided not to rely on it in support of its motion.

## II. LEGAL STANDARD

Some "courts in many circumstances have found that a specific showing of competitive harm justifies a restriction of confidential or trade secret information to 'attorney's eyes only.'" *Arvco Container Corp. v. Weyerhaeuser Co.*, No. 1:08-cv-548, 2009 WL 311125, at *5 (W.D. Mich. Feb. 9, 2009) (citation omitted). The party moving for a restrictive attorney's eyes only designation "must detail the alleged harm it is likely to suffer absent the requested protection 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *United States v. Bostwick Laboratories*, No. 1:08-cv-354, 2013 WL 32703555, at *2 (S.D. Ohio June 26, 2013) (citing *Nemir v. Mitsubishi Motors, Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Because the indiscriminate use of attorney's eyes only designations can cause harm, such designation is not used "in the absence of a strong showing of probable competitive harm." *Arvco Container*, 2009 WL 311125, at *5. Determining whether good cause exists to allow an attorney's eyes only designation "requires a balance of the difficulties imposed" on the opposing party "against the need to protect information from abuse by competitors." *Id.* at *6 (citation omitted).

### III. DISCUSSION

Here, plaintiff has not established that good cause exists for designating a portion of Attachment 3 to the Byrnes Declaration as Outside Attorney's Eyes Only. Plaintiff offers conclusory statements in support of its position that it will suffer competitive harm by redesignating the remaining portion of Attachment 3 as "Confidential." These conclusory statements fall well short of plaintiff's requirement to make a "strong showing" of "probable competitive harm." *Arvco Container*, 2009 WL 311125, at *5.

In an effort to prove that defendant's PowerPoint presentation contains false and disparaging statements, plaintiff had certain testing completed. Plaintiff cannot unilaterally determine that some of the testing protocols are relevant while others are not. Defendant is entitled to share the entirety of Attachment 3 to the Byrnes Declaration with its engineers. Attachment 3 shall be redesignated from "Outside Attorney's Eyes Only" to "Confidential."

### IV. CONCLUSION

For the reasons explained above, defendant's motion is GRANTED.[1]

IT IS SO ORDERED.

Dated: January 5, 2016

                                                s/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

[1] The Court has allowed the parties to jointly file, under seal, their competing proposed schedules moving forward. (Doc. #53). The Court will set a schedule at the status conference on January 12, 2016.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 5, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk